# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EASY SPORTSWEAR, INC., )
       Plaintiff, )
)
vs. ) Civil Action No. 05-01183
) Judge Nora Barry Fischer
AMERICAN ECONOMY INSURANCE )
COMPANY, a corporation, )
       Defendant. )

## MEMORANDUM ORDER

This matter is before the Court on Plaintiff's Motion in Limine Requesting Judicial Notice [76], filed by Plaintiff Easy Sportswear, Inc. on June 20, 2008, in which Plaintiff requests that the Court take judicial notice "that on September 17, 2004 Tropical Depression Ivan struck the Allegheny County and Pittsburgh area subjecting it to high winds, heavy rain and flooding" and "that on September 17, 2004 the high winds, heavy rain and flooding of Tropical Depression Ivan caused extensive damage to homes, roads, and businesses in Allegheny County." (Docket No. 76 at ¶7-8). As its source for the purported facts of which it requests judicial notice, Plaintiff offers a "Proclamation of Disaster Emergency" issued by the Governor's Office of the Commonwealth of Pennsylvania on or about September 17, 2004. (*See* Docket No. 76-2). On June 25, 2008, Defendant American Economy Insurance Company filed Defendant's Opposition to Plaintiff's request for Judicial Notice of Governor's Proclamation of Emergency Disaster (Docket No. 79), in which it cites a treatise for the proposition that "federal courts do not take judicial notice of facts stated in reports or messages of a governor to a state legislature." (Docket No. 79 at 1) (citing 31A C.J.S. Evidence § 39).

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and

ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). Pertinent here, "[a] court *shall* take judicial notice if requested by a party and supplied with the necessary information." Fed.R.Evid. 201(d) (emphasis added).

The Court finds that historical weather conditions are not subject to reasonable dispute in that they are capable of accurate and ready determination. *See e.g., Allen v. Ashcroft*, Civil No. 03-441-MJR, 2006 WL 1882672, at *6 (S.D. Ill. July 7, 2006) (taking "judicial notice of the historical weather records for Marion, Illinois, for the period of September 29 through October 11 of 2002"); *Weber v. Trinity Meadows Raceway, Inc.*, 4:92-CV-267-Y, 1996 WL 477049, at *5 n.1 (N.D. Tex. June 20, 1996) (providing that while the "days of rain in 1993 and 1994" may be " 'capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned,' Plaintiffs have failed to present the Court with any such sources"). However, the Court finds that the source relied upon by Plaintiff is not one "whose accuracy cannot be questioned." While a court may take judicial notice of the fact that the Governor's Office issued the "Proclamation of Disaster Emergency," courts generally do not take judicial notice of the facts contained within such documents. *See e.g., Trans American Recovery Services, Inc. v. Puerto Rico Maritime Shipping Authority*, 850 F.Supp. 103, 104 (D.P.R. 1994) (finding a court "cannot take judicial notice of the Executive Order in order to establish adjudicative facts of statements made by the governor of the Commonwealth of Puerto Rico and contained in the executive order regarding the financial condition of [defendant]"); *Pacific Gas & Elec. Co. v. Lynch*, 2001 WL 840611, at *6 (C.D. Cal. 2001) (taking judicial notice of "Governor Gray Davis's January 17, 2001, Proclamation of a State of Emergency"); C.J.S. Evidence § 39 (providing that "federal courts do not take judicial notice of facts

stated in reports or messages of a governor to the state legislature").[1] Here, unlike *Lynch*, Plaintiff requests that the Court take judicial notice of purported adjudicative facts contained within the Governor's "Proclamation of Disaster Emergency" as opposed to taking judicial notice of the issuance of the same. The Court finds that the Governor's "Proclamation of Disaster Emergency" is not a source "whose accuracy cannot reasonably be questioned" regarding the existence of a storm or its damage.[2] Hence, the Court declines to take judicial notice of purported facts espoused therein.

Accordingly, the Court **DENIES** Plaintiff's Motion in Limine Requesting Judicial Notice [76].

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

CC: All counsel of record.

Date: July 1, 2008.

---

[1] The C.J.S. on Evidence relied upon *Houston & T.C.R. Co. v. State of Tex.*, 177 U.S. 66 (1900), which, although pre-dating the Federal Rules of Evidence, reenforces the Court's skepticism of taking judicial notice of facts contained within a governor's proclamation:

> In reaching the foregoing conclusions of fact I have excluded from my consideration the statements made in official reports and governors' messages to the legislature, having concluded that defendant's objections that the statements contained in these papers were not admissible as evidence proving or tending to prove the facts therein stated were good.

*Houston & T.C.R.*, 177 U.S. at 94.

[2] Furthermore, the Court finds that such a document is not appropriate for judicial notice regarding historical weather facts and the purported correlating damage in light of much more appropriate sources, such as the National Weather Service.